VÁZQUEZ *v.* MEDINA.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 551.—Resuelto en febrero 1, 1911.

PRUEBA CONTRADICTORIA—APRECIACIÓN DEL JUEZ SENTENCIADOR.—Siendo contradictoria la prueba, al juez sentenciador que hace de jurado incumbe harmonizarla en lo posible y su apreciación no será revocada por este tribunal a menos que haya procedido con pasión, prejuicio o parcialidad o que haya incurrido en manifiesto error, o infringido preceptos legales.

EFICACIA DE LOS CONTRATOS—VENTA DE BIENES INMUEBLES—DOCUMENTO PÚBLICO.—De acuerdo con los artículos 1221 y 1225 del Código Civil Revisado, queda perfeccionado un contrato de compra-venta de finca rústica desde el momento en que las partes contratantes convienen en la venta de determinado terreno por precio cierto, sin que sea requisito esencial para la existencia de dicho contrato el que conste en documento público, pudiendo las partes compelerse recíprocamente a que se haga constar en documento público.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. José Martínez Dávila.*

EL JUEZ PRESIDENTE, SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 17 de septiembre del año 1909, José de la Rosa Vázquez formuló demanda ante la corte municipal de Bayamón contra Francisca Medina, alegando que el día 3 de septiembre de dicho año celebraron ambos un contrato en virtud del cual la demandada vendió al demandante, por precio de diez y seis dollars cada una, el número de cuerdas que, según mensura tuviera un predio de terreno de su propiedad, radicado en el barrio de Padilla del término municipal de Corozal, colindante al Norte y Oeste con José Manuel Batista, al Sur con José de la Rosa Vázquez y al Este con la carretera de Corozal a Barros, y habiendo procedido los peritos que nombraron las partes a medir el terreno, dió éste un total de 26 cuerdas 32 céntimos, sin que la demandada entonces se prestara a otorgar la correspondiente escritura de venta de la finca vendida.

La demanda concluye con la súplica de que previos los trámites legales, sea condenada Francisca Medina a otorgar a favor de José de la Rosa Vázquez, escritura de venta de la parcela de terreno ya descrita, o en su defecto se otorgue dicha escritura por el marshal de la corte, con las costas y gastos que se originen a cargo de la demandada.

Al contestar la demanda Francisca Medina negó todos y cada uno de los hechos en ella contenidos, alegando además como materia nueva de oposición, que allá por la fecha que se menciona en dicha demanda, por medio de su hijo Alonso Medina ofreció en venta a José de la Rosa Vázquez la finca de que se trata por precio de diez y seis dollars la cuerda, pero bajo la condición de que esa finca había de ser mensurada, y si resultaba, tener treinticinco cuerdas se realizaría la venta, no llevándose ésta a efecto en caso contrario, en vista de cuya condición, como medido el terreno solo dió un total de veintiseis cuerdas más o menos, no se llevó a afecto el contrato de venta por falta de la condición estipulada.

Celebrado el juicio *de novo* ante la Corte de Distrito del Distrito Judicial de San Juan, Sección 1ª., esa corte por sentencia de 20 de diciembre de 1909, declaró que los hechos y la

ley están en favor de José de la Rosa Vázquez, y por tanto, que Francisca Medina debe otorgar a su favor en término de diez días, contados desde que dicha sentencia sea firme, la escritura pública de venta del predio de terreno descrito en la demanda, con cabida de 26 cuerdas, previo pago de su precio a razón de diez y seis dollars cada cuerda, con las costas a cargo de la parte demandada.

Esa sentencia está sometida a nuestra consideración a virtud de recurso de apelación interpuesto contra ella por la parte demandada, y fúndase el recurso en errónea apreciación de las pruebas, con infracción de los artículos 162 de la Ley de Evidencia y 1216 y 1247 del Código Civil.

Como se ve, el único punto a discutir y resolver, es si la venta de la finca de que se trata, fué convenida por ambas partes en términos absolutos y por precio de diez y seis dollars la cuerda, sea cual fuese el número de cuerdas que de la mensura resultara, según afirma la parte demandante, o si por el contrario, se estipuló como condición del convenio, que de la mensura habían de resultar treinta y cinco cuerdas para que la venta tuviera efecto, según sostiene la parte demandada.

En apoyo de la alegación de la parte demandante, declaran los testigos Francisco Vélez, Elías García, Carmelo Negrón, Román Marrero y el mismo José de la Rosa Vázquez; mientras que Alonso Medina, Gerónimo Mulero, Manuel Valiente y Martín Ibáñez confirman la alegación de Francisca Medina, habiendo sido impugnada la veracidad de Marrero y de Mulero, mediante declaraciones de los testigos Artemio P. Rodríguez y José Martínez Dávila.

Siendo contradictoria la prueba, al juez sentenciador que hacía de jurado incumbía armonizarla en lo posible, y en el caso de no poder hacerlo, que tal era su situación, a él correspondía dirimir el conflicto como lo hizo a favor de la parte demandante; y no encontramos que en el ejercicio de dicha facultad haya procedido con pasión, prejuicio o parcialidad,

ni que haya incurrido en manifiesto error, ni infringido los preceptos de los artículos 162 de la Ley de Evidencia y 1216 del Código Civil, por lo que nos vemos precisados a aceptar su apreciación como base para la aplicación del derecho.

Ni cabe estimar infringido el artículo 1247 del Código citado, preceptivo de que deben constar en documento público los actos y contratos que tengan por objeto la creación, transmisión, modificación o extinción de derechos reales sobre bienes inmuebles, pues de conformidad con lo que previene el artículo 1221, el contrato existe desde que una o varias personas consienten en obligarse respecto de otra u otras a dar alguna cosa o prestar algún servicio, y según el artículo 1225, los contratos se perfeccionan por el mero consentimiento, obligando desde entonces, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias, que según su naturaleza sean conformes a la buena fe, al uso y a la ley.

Si las partes, según el resultado de las pruebas, convinieron en la venta del predio de terreno descrito en la demanda por precio cierto y determinado, quedando así perfeccionado el contrato de compraventa, y si ese contrato debe constar en documento público, según el precepto del artículo 1247 del Código Civil, lejos de ser infringido dicho artículo ha tenido la debida aplicación en la sentencia.

En apoyo de la doctrina expuesta podemos citar la sentencia del Tribunal Supremo de España de 18 de junio de 1902, que dice así:

"La eficacia de los contratos no depende de sus formas extrínsecas, sino de la concurrencia de las circunstancias necesarias para su validez, siendo obligatorio, cualquiera que sea la forma de su celebración, sin que su constancia por documento público o privado, que para algunos exige la ley, sea requisito esencial para su subsistencia, sino medio coercitivo concedido a los contratantes para compelerse recíprocamente a llenar aquella forma.''

Por las razones expuestas procede la confirmación de la sentencia apelada que dictó la Corte de Distrito de San Juan, Sección 1ª., en 20 de diciembre de 1909.

*Confirmada.*

Jueces concurrentes: Sres. Asociados, MacLeary, Wolf y del Toro.

El Juez Asociado, Sr. Aldrey, no tomó parte en la resolución de este caso.